**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MINDY GELLMAN and LINDA STRONG, | Civil Action No.: 24-cv-7190 |
| Plaintiffs, | **COMPLAINT** |
| - v - | *Jury Trial Demanded* |
| JONES KNOWLES RITCHIE INC. and JASON LITTLE, | |
| Defendants. | |

Plaintiffs Mindy Gellman and Linda Strong, by and through their undersigned attorney, bring this Complaint against Defendants Jones Knowles Ritchie Inc. ("JKR") and Jason Little, and allege as follows:

## PRELIMINARY STATEMENT

1. This is an action for age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*

## JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS

2. The Court has original jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

3. The Court has supplemental jurisdiction over Plaintiffs' state and city law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred there.

5. All conditions precedent to filing the instant action have been fulfilled. On or about March 1, 2024, Plaintiffs submitted timely Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On or about July 31, 2024, the EEOC issued Plaintiffs Notices of Right to Sue, and this action is being brought within 90 days of Plaintiffs' receipt of the Notices of Right to Sue.

6. Within 10 days of the commencement of this action, Plaintiffs will provide notice of this action to the New York City Commission on Human Rights and Corporation counsel, pursuant to the New York City Administrative Code § 8-502(c).

## PARTIES

7. Plaintiffs are residents of the State of New York.

8. At all relevant times, Plaintiffs were "employees" of Defendants under all relevant statutes.

9. JKR is a corporation registered in New York and permitted to do business in New York.

10. JKR employed more than 14 employees throughout Plaintiffs' employment.

11. JKR conducted business at 85 Spring Street, New York, NY 10012, where it employed Plaintiffs.

12. Defendant Little was at all relevant times employed by JKR as its Executive Creative Director.

13. Little had the ability to affect the terms and conditions of Plaintiffs' employment and did so by, among other things, assigning them work, overseeing their work, evaluating their performance, and terminating their employment.

14. Upon information and belief, Little resides in California.

15. At all relevant times, Defendants were Plaintiffs' "employers" under all relevant statutes.

16. Plaintiffs were both 40 years of age or older throughout their employment with JKR.

17. Gellman and Strong are former Senior Realization Designers of JKR who worked at its 85 Spring Street, New York, NY 10012 location.

## FACTUAL BACKGROUND

**Allegations Specific to Plaintiff Gellman**

18. Gellman received a B.F.A. in Communication Design from Syracuse University in 1990.

19. In or about January 2022, JKR offered Gellman the position of Senior Realization Designer.

20. Gellman had 32 years of experience in design and branding when she started working at JKR.

21. In February 2023, JKR recognized Gellman's strong performance with a positive performance review and accompanying pay raise.

22. In an April 20, 2023 Slack message, Little referred to Gellman as an "oldie."

23. In January 2024, one of JKR's Group Creative Directors praised a departing Creative Director, Shawn Holpfer, to whom Gellman reported, for mentoring young designers, while at the same time neglecting to provide any mentoring or guidance to Gellman or other older designers of the same experience level.

24. On January 26, 2024, three days before her employment was terminated, Gellman raised a complaint to human resources that she was not receiving any support from her

immediate supervisor, Shawn Holpfer, in contrast to the support he provided to young designers.

**Allegations Specific to Plaintiff Strong**

25. Strong received a B.F.A. from The Cooper Union for the Advancement of Science and Art in 1992.

26. Strong had 17 years of experience in the graphic design industry when she started at JKR.

27. In May 2019, Strong began working as a Realization Designer at JKR.

28. In September 2021, Strong received a pay raise and promotion to Senior Realization Designer.

29. In September 2022, Strong received a positive performance review and another pay raise.

30. As part of that performance review, Strong raised the need for JKR to address ageism due to the lack of age diversity in the industry and that "older people [at the company] may feel like their years are a hinderance to careers at JKR rather than an asset."

31. Strong's manager agreed and said that he "would like to continue this discussion with our DEI counsel to figure out how to champion experience as an asset."

32. JKR's human resources director responded that the company was already addressing the issue in the London office by providing information about menopause, and how older women may sometimes need an extra moment to think because of brain fog.

33. JKR reassigned a large portion of Strong's assignments to younger designers in early 2023.

34. When Strong asked why the work was being given to other designers, she was told that the creative directors wanted to train junior designers to do the work so that they could

have the experience of working on a complete brand from start to finish.

35. JKR encouraged younger designers to apply for open positions at JKR and, upon information and belief, awarded those new positions to younger designers.

36. When Strong applied for an open position in August 2023, no one ever responded to her application despite her strong performance record.

37. When Strong followed up regarding the position she was told that the role was no longer being filled and was advised that the HR Director would contact her about a similar role.

38. No one ever contacted Strong further about her application or any similar role.

39. In September 2023, Strong received another positive performance review.

40. As part of that review, Strong raised an ageism complaint.

41. In response to Strong's complaint, her supervisor acknowledged that JKR "certainly push[es] for nurturing 'young' talent vs *any* talent within the agency."

42. Despite receiving a positive performance review, Strong did not receive a pay raise.

43. Upon information and belief, younger designers receiving similar performance reviews received accompanying pay raises.

44. Little conducted a "Fireside Chat" with a group of employees including Strong on October 12, 2023.

45. During the Fireside Chat, Little singled Strong out based upon her age, announcing that she must be familiar with older versions of software used in the industry in the 1990s.

**Allegations Common to Plaintiffs Gellman and Strong**

46. JKR denied Strong and Gellman access to its "Own The Room" communication

training program, which was provided to younger designers.

47. JKR excluded Strong and Gellman from client calls and team meetings for projects they worked on.

48. Younger creative team members were routinely invited to those client calls and team meetings, which included discussions of upcoming projects, presenting work to clients, and receiving client feedback.

49. JKR excluded Gellman and Strong from training in Figma software on multiple occasions, which was offered to the young creative team members.

50. In March 2023, Little made a companywide presentation referencing his admiration for "young creatives" and "young designers," and his hope to infuse that culture at JKR.

51. Little informed Strong, Gellman, and other employees that JKR was bloated with senior designers, and needed more junior designers.

52. On January 29, 2024, JKR terminated the employment of Gellman and Strong.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of the ADEA)**
*Against Defendant JKR*

53. Plaintiffs repeat and re-allege each allegation of the preceding paragraphs as if fully set forth herein.

54. By the actions described above, among others, Defendant discriminated against Plaintiffs by, inter alia, subjecting them to disparate treatment because of their membership in a protected class.

55. Defendant violated the ADEA by subjecting Plaintiffs to this behavior based, in whole or in part, upon their membership in that protected class.

56. As set forth in detail above and herein, JKR discriminated against Plaintiffs and subjected them to adverse employment actions including, but not limited to, terminating their employment.

57. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiffs have suffered and continue to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

58. Accordingly, Defendant discriminated against Plaintiffs because of their age in violation of their rights under the ADEA.

59. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Plaintiffs, entitling them to punitive damages.

**SECOND CAUSE OF ACTION**
**(Hostile Work Environment in Violation of the ADEA)**
*Against Defendant JKR*

60. Plaintiffs repeat and re-allege each allegation of the preceding paragraphs as if fully set forth herein.

61. Defendant's actions and comments against Plaintiffs taken cumulatively subjected them to inferior terms, conditions or privileges of employment.

62. JKR did not remedy the hostile work environment despite Plaintiffs' complaints.

63. JKR thereby discriminated against Plaintiffs on the basis of their membership in a protected class by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a discriminatory environment.

64. As a direct and proximate result of the unlawful discriminatory conduct carried out by JKR, Plaintiffs have suffered, and continue to suffer, emotional distress for which they are entitled to an award of monetary damages and other relief.

65. JKR's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiffs, entitling them to punitive damages.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of the ADEA)
*Against Defendant JKR*

66. Plaintiffs repeat and re-allege each allegation of the preceding paragraphs as if fully set forth here.

67. As set forth in detail above, Plaintiffs engaged in activity protected under the ADEA.

68. JKR was aware that Plaintiffs opposed unlawful conduct and/or asserted their rights under the ADEA.

69. JKR, unlawfully and without cause, retaliated against Plaintiffs as a direct result of Plaintiffs asserting their rights under the ADEA, and Plaintiffs suffered materially adverse employment actions as a result.

70. As a direct and proximate result of JKR's unlawful employment practices, Plaintiffs have suffered and continue to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

71. JKR's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiffs, entitling them to punitive damages.

72. Accordingly, JKR retaliated against Plaintiffs in violation of their statutory rights as guaranteed by the ADEA.

## FOURTH CAUSE OF ACTION
### (Discrimination in Violation of the NYSHRL)
*Against All Defendants*

73. Plaintiffs repeat and re-allege each allegation of the preceding paragraphs as if

fully set forth here.

74. The aforementioned facts and circumstances demonstrate that Defendants discriminated against Plaintiffs because they were members of a protected class.

75. Plaintiffs are members of a protected class under the NYSHRL and were perceived by Defendants as such.

76. As set forth in detail above and here, Defendants discriminated against Plaintiffs and subjected them to adverse employment actions.

77. As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiffs have suffered and continue to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

78. Accordingly, Defendants discriminated against Plaintiffs because of their age, in violation of their statutory rights as guaranteed by the NYSHRL.

## FIFTH CAUSE OF ACTION
**(Hostile Work Environment in Violation of the NYSHRL)**
*Against All Defendants*

79. Plaintiffs repeat and re-allege each allegation of the preceding paragraphs as if fully set forth here.

80. Defendants' actions and comments against Plaintiffs taken cumulatively subjected them to inferior terms, conditions or privileges of employment.

81. Defendants did not remedy the hostile work environment despite Plaintiffs' complaints.

82. Defendants thereby discriminated against Plaintiffs on the basis of their membership in a protected class by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a discriminatory environment.

83. As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendants, Plaintiffs have suffered, and continue to suffer, emotional distress for which they are entitled to an award of monetary damages and other relief.

84. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiffs, entitling them to punitive damages.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)
*Against All Defendants*

85. Plaintiffs repeat and re-allege each allegation of the preceding paragraphs as if fully set forth here.

86. As set forth in detail above, Plaintiffs engaged in activity protected under the NYSHRL.

87. Defendants retaliated by subjecting Plaintiffs to discrimination and adverse employment actions because of their protected activity in violation of Plaintiffs' statutory rights.

88. Defendants were aware that Plaintiffs opposed unlawful conduct and asserted their rights under the NYSHRL.

89. Plaintiffs have suffered and continue to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

90. Accordingly, Defendants retaliated against Plaintiffs in violation of their statutory rights as guaranteed by the NYSHRL.

## SEVENTH CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL)
*Against All Defendants*

91. Plaintiffs repeat and re-allege each allegation of the preceding paragraphs as if fully set forth here.

92. The aforementioned facts and circumstances demonstrate that Defendants discriminated against Plaintiffs because they were members of a protected class.

93. Plaintiffs are members of a protected class under the NYCHRL and were perceived by Defendants as such.

94. As set forth in detail above and here, Defendants discriminated against Plaintiffs in the terms and conditions of their employment by treating Plaintiffs less well than their similarly situated, younger coworkers.

95. Defendants subjected Plaintiffs to adverse employment actions because of their age.

96. As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiffs have suffered and continue to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

97. The conduct of Defendants has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiffs, entitling them to punitive damages.

98. Accordingly, Defendants discriminated against Plaintiffs because of their age, in violation of their statutory rights as guaranteed by the NYCHRL.

### EIGHTH CAUSE OF ACTION
**(Hostile Work Environment in Violation of the NYCHRL)**
*Against All Defendants*

99. Plaintiffs repeat and re-allege each allegation of the preceding paragraphs as if fully set forth here.

100. Defendants' actions and comments against Plaintiffs taken cumulatively subjected them to inferior terms, conditions or privileges of employment.

101. Defendants did not remedy the hostile work environment despite Plaintiffs' complaints.

102. Defendants thereby discriminated against Plaintiffs on the basis of their membership in a protected class by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a discriminatory environment.

103. As a direct and proximate result of the unlawful discriminatory conduct carried out by Defendants, Plaintiffs have suffered, and continue to suffer, emotional distress for which they are entitled to an award of monetary damages and other relief.

104. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiffs, entitling them to punitive damages.

## NINTH CAUSE OF ACTION
### (Retaliation in Violation of the NYCHRL)
*Against All Defendants*

105. Plaintiffs repeat and re-allege each allegation of the preceding paragraphs as if fully set forth here.

106. As set forth in detail above, Plaintiffs engaged in activity protected under the NYCHRL.

107. Defendants retaliated against Plaintiffs by treating them less well than similarly situated employees and subjecting them to discrimination and adverse employment actions because of their protected activity in violation of the NYCHRL.

108. Defendants were aware that Plaintiffs opposed unlawful conduct and/or asserted their rights under the NYCHRL.

109. Defendants, unlawfully and without cause, retaliated against Plaintiffs as a direct result of Plaintiffs asserting their rights and opposing unlawful conduct under the NYCHRL,

which involved conduct reasonably likely to deter an individual from engaging in such protected activity.

110. As a direct and proximate result of Defendants' unlawful employment practices, Plaintiffs have suffered and continue to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

111. The conduct of Defendants has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiffs, entitling them to punitive damages.

112. Accordingly, Defendants retaliated against Plaintiffs in violation of their statutory rights as guaranteed by the NYCHRL.

## TENTH CAUSE OF ACTION
**(Aiding and Abetting in Violation of the NYSHRL and NYCHRL)**
*Against Defendant Little*

113. Plaintiffs repeat and re-allege each allegation of the preceding paragraphs as if fully set forth here.

114. Defendant Little aided, abetted, incited, compelled, or coerced JKR's unlawful conduct, including discrimination and retaliation against Plaintiffs, by his conduct, action, and inaction, in violation of the NYSHRL and NYCHRL.

115. Little was aware of his role as part of the unlawful activity that he assisted in, and knowingly and substantially assisted JKR in its violations of the NYSHRL and NYCHRL.

116. As a direct and proximate result of Little's conduct, Plaintiffs have suffered and continue to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

117. Little's conduct has been intentional, deliberate, willful, malicious, reckless and

conducted in callous disregard of the rights of Plaintiffs, entitling them to punitive damages.

## **RELIEF**

Plaintiffs Mindy Gellman and Linda Strong demand judgment in their favor and against Defendants Jones Knowles Ritchie Inc. and Jason Little as follows:

A. A declaratory judgment that the actions of Defendants complained of violate the NYCHRL, NYSHRL, and the ADEA;

B. An injunction and order permanently restraining Defendants from engaging in any such further unlawful conduct;

C. An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all monetary and/or economic damages, including, but not limited to, past and future lost earnings;

D. An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all non-monetary and/or compensatory damages, including, but not limited to, compensation for their emotional distress;

E. An award of punitive damages, in an amount to be determined at trial;

F. Prejudgment interest on all amounts due;

G. An award of Plaintiffs' reasonable attorneys' fees and costs to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs Mindy Gellman and Linda Strong demand a trial by jury on all issues so triable of right.

Dated: September 23, 2024
New York, New York

**RISSMILLER PLLC**

By:  /s/ Alex Rissmiller
Alex Rissmiller
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
T: (646) 664-1412
arissmiller@rissmiller.com

*Attorney for Plaintiffs*
*Mindy Gellman and Linda Strong*